■ In the Matter of DOROTHY F. SCHARF, Petitioner, v LEVITTOWN UNION FREE SCHOOL DISTRICT, Respondent. [742 NYS2d 848] —Proceeding pursuant to CPLR article 78 to review a determination of the Levittown Union Free School District, dated October 11, 2000, which, after a hearing, terminated the petitioner's employment as a stenographic secretary.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination of the Levittown Union Free School

District (hereinafter the District) that the petitioner was incompetent in her position as a stenographic secretary and engaged in misconduct is supported by substantial evidence in the record (*see Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Decker v Scoralick,* 209 AD2d 517). The Hearing Officer carefully weighed the conflicting testimony and assessed the credibility of the witnesses (*see Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Silberfarb v Board of Coop. Educ. Serv.,* 60 NY2d 979). The penalty imposed, discharging the petitioner from her employment position, was not so disproportionate "as to be shocking to one's sense of fairness" (*Pell v Board of Educ.,* 34 NY2d 222, 233).

Moreover, contrary to the petitioner's contention, the Hearing Officer was properly designated. There was a specific designation of the officer contained in the written notice of charges, and a written resolution adopted by the District's Board of Education incorporating the notice of charges by reference (*see Salley v Hempstead School Dist.,* 121 AD2d 547). Santucci, J.P., Altman, McGinity and Adams, JJ., concur.