■ In the Matter of MANUEL NATIVIDAD, Petitioner, v GLEN COVE HOUSING AUTHORITY et al., Respondents. [764 NYS2d 848] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Commissioners of the Glen Cove Housing Authority, dated October 16, 2001, which adopted the findings and recommendation of a hearing officer dated August 27, 2001, made after a hearing, finding that the petitioner was guilty of misconduct, and terminating his employment as a maintenance supervisor, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered May 24, 2002, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the petition raises a substantial evidence question, the Supreme Court should have transferred the proceeding to the Appellate Division. Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter de novo (*see Matter of Sweeney v Barrios-Paoli,* 266 AD2d 398 [1999]; *Matter of Stein v County of Rockland,* 259 AD2d 552 [1999]).

The determination of the respondent Board of Commissioners of the Glen Cove Housing Authority that the petitioner committed multiple acts of misconduct, reached following a hearing at which the hearing officer, inter alia, assessed the credibility of the complaining witness and the petitioner, was supported by substantial evidence (*see Matter of Scharf v Levittown Union Free School Dist.,* 294 AD2d 508 [2002]; *Matter of Leong v Safir,* 259 AD2d 751 [1999]; *Matter of West v County of*

*Dutchess,* 227 AD2d 565 [1996]). Moreover, the penalty of dismissal was not so disproportionate to the offenses as to be "shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233 [1974]; *see Matter of Wade v Town of Ticonderoga Town Bd.,* 256 AD2d 860 [1998]; *Matter of Crookston v Brown,* 140 AD2d 868 [1988]).

The petitioner's remaining contention is without merit. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.