■ In the Matter of THOMAS MAHER, Petitioner, v CHRISTOPHER J. CADE et al., Respondents. [790 NYS2d 499]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Town of Eastchester, dated January 9, 2003, which adopted the recommendation of a hearing officer dated November 4, 2002, made after a hearing, finding the petitioner guilty of six specifications of misconduct and insubordination, and terminating his employment as a firefighter.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The review of administrative determinations in employee disciplinary cases made after a hearing required by Civil Service Law § 75 is limited to a consideration of whether the determination was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176 [1978]; *Matter of Jones v Mahon,* 11 AD3d 692 [2004]; *Matter of Mann v Town of Monroe,* 2 AD3d 527 [2003]). Contrary to the petitioner's contention, the determination that he committed six acts of misconduct and insubordination, which included disobeying his supervisor's directive against engaging in work related to his private limousine business while on duty, was supported by substantial evidence (*see Matter of Mann v Town of Monroe, supra; Matter of Beisgen,* 272 AD2d 322 [2000]; *Matter of Parker v Blauvelt Volunteer Fire Co.,* 222 AD2d 437 [1995]). The Hearing Officer weighed the conflicting testimony presented at the hearing and assessed the credibility of the witnesses, and this record provides no basis to disturb the Hearing Officer's resolution of these issues in favor of the respondents (*see Matter of Berenhaus v Ward,* 70 NY2d 436 [1987]; *Matter of Natividad v Glen Cove Hous. Auth.,* 308 AD2d 542 [2003]; *Matter of Scharf v Levittown Union Free School Dist.,* 294 AD2d 508 [2002]).

Furthermore, in light of the evidence of the petitioner's repeated misconduct and insubordination, the penalty of dismissal was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Short v Nassau County Civ. Serv. Commn.*, 45 NY2d 721 [1978]; *Matter of Pell v Board of Educ.*, 34 NY2d 222 [1974]; *Matter of Mann v Town of Monroe, supra; Matter of Parker v Blauvelt Volunteer Fire Co., supra*).

The petitioner's remaining contentions are unpreserved for judicial review and, in any event, without merit. Adams, J.P., Krausman, Goldstein and Mastro, JJ., concur.