■ In the Matter of EDWARD ARMSTRONG, Petitioner, v WILLIAM E. PHILLIPS, Respondent. [842 NYS2d 726]—Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services dated April 7, 2005, which affirmed a determination of a hearing officer dated April 5, 2005, made after a Tier II disciplinary hearing, finding that the petitioner had violated institutional rules, and imposing penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

Contrary to the petitioner's contention, the determination that he violated institutional rules by stealing state property from the prison commissary where he worked was supported by substantial evidence (*see Matter of Lahey v Kelly,* 71 NY2d 135, 140 [1987]; *People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]; *cf. People v Olivo,* 52 NY2d 309, 318-320 [1981]). The petitioner's testimony at the disciplinary hearing that his intent was not to steal the property, but merely to set it aside for later purchase by an acquaintance, presented a credibility issue, the resolution of which was within the province of the hearing officer (*see Matter of Perez v Wilmot,* 67 NY2d 615, 617 [1986]; *Matter of Griffin v Goord,* 43 AD3d 591 [2007]; *Matter of Rivera v Selsky,* 266 AD2d 295, 295 [1999]). Accordingly, we perceive no reason to disturb the determination.

The petitioner's remaining contentions are without merit. Crane, J.P., Florio, Lifson and Carni, JJ., concur.