■ In the Matter of LUIGI CIANCIULLI, Petitioner, v VILLAGE OF BRONXVILLE BOARD OF POLICE COMMISSIONERS et al., Respondents. [868 NYS2d 548]—

The petitioner was involved in an altercation with a fellow police officer. At a disciplinary hearing conducted by the Village of Bronxville Board of Police Commissioners (hereinafter the Board), evidence was presented that the petitioner punched a fellow officer in the face, breaking his nose. There was also evidence that the petitioner attempted to kick the other officer after that officer had fallen to the ground.

Contrary to the petitioner's contention, the determination that he was guilty of misconduct relating to the altercation is supported by substantial evidence (*see Matter of Berenhaus v Ward*, 70 NY2d 436 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Gustafson v Town of N. Castle, N.Y.*, 45 AD3d 766 [2007]; *Matter of Maher v Cade*, 15 AD3d 489 [2005]). The Board weighed the conflicting evidence presented at the hearing and assessed the credibility of the witnesses, and the record provides no basis to disturb its resolution of these issues (*see Matter of Berenhaus v Ward*, 70 NY2d 436 [1987]; *Matter of Armstrong v Phillips*, 44 AD3d 759 [2007]; *Matter of Maher v Cade*, 15 AD3d 489 [2005]).

Furthermore, an administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 235 [1974]; *see also Matter of Rutkunas v Stout*, 8 NY3d 897, 899 [2007]; *Matter of Feather-*

*stone v Franco,* 95 NY2d 550 [2000]; *Matter of Maher v Cade,* 15 AD3d 489 [2005]; *Matter of Whiting v Village of Old Brookville Police Dept.,* 220 AD2d 600 [1995]). Here, it cannot be concluded, as a matter of law, that the penalty of dismissal shocks the judicial conscience (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]). Lifson, J.P., Florio, Eng and Belen, JJ., concur.