“Since the petition raises the question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court” (Matter of Blake v New York City Hous. Auth., 78 AD3d 1175, 1175 [2010]; see CPLR 7804 [g]). Nevertheless, the record is now before this Court, and in the interest of judicial economy, we will treat the matter as one initially transferred here and will review the administrative determination de novo.
The determination that the petitioner, a Data Entry Clerk in the Justice Court of the Village of Spring Valley, committed misconduct, falsification of public records, and insubordination, was supported by substantial evidence adduced at the adminis *833 trative hearing (see 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 179-180 [1978]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Rabidou v County of Dutchess, 94 AD3d 1004 [2012]; Matter of Smith v Carter, 61 AD3d 982, 983 [2009]; Matter of Maher v Cade, 15 AD3d 489 [2005]). Furthermore, in light of the charges and the petitioner’s employment duties, the penalty imposed was not so disproportionate to the offenses as to be “shocking to one’s sense of fairness,” thus constituting an abuse of discretion as a matter of law (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 233 [internal quotation marks omitted]; see Nabors v Town of Somers, 72 AD3d 769, 773-774 [2010]; Matter of Smith v Carter, 61 AD3d at 983; Matter of Maher v Cade, 15 AD3d at 490). Rivera, J.E, Eng, Lott and Cohen, JJ., concur.