Destefano v Nassau Boces Bd. of Coop. Educ. Servs. (2022 NY Slip Op 01142)





Destefano v Nassau Boces Bd. of Coop. Educ. Servs.


2022 NY Slip Op 01142


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2018-13663
 (Index No. 13767/12)

[*1]Mark Destefano, plaintiff/petitioner, 
v
Nassau Boces Board of Cooperative Educational Services, defendant/respondent.


Law Offices of Louis D. Stober, Jr., LLC, Mineola, NY, for plaintiff/petitioner.
Ingerman Smith, LLP, Hauppauge, NY (David F. Kwee of counsel), for defendant/respondent.



DECISION & JUDGMENT
Hybrid proceeding pursuant to CPLR article 78 to review a determination of the Board of Cooperative Educational Services of Nassau County dated July 5, 2012, adopting the findings of a hearing officer dated June 29, 2012, made after a hearing pursuant to Civil Service Law § 75, that the plaintiff/petitioner was guilty of incompetency and misconduct, and terminated the employment of the plaintiff/petitioner, and action, inter alia, pursuant to Civil Service Law § 75-b to reinstate the plaintiff/petitioner to his employment.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
Mark Destefano was employed by the Board of Cooperative Educational Services of Nassau County (hereinafter BOCES) as a mechanic and was responsible for, among other things, performing preventive maintenance on buses owned by BOCES in preparation for Department of Transportation inspections. In a statement of charges dated July 7, 2011, BOCES charged Destefano with 22 charges involving incompetency and misconduct. After a hearing pursuant to Civil Service Law § 75, by report and recommendation dated June 29, 2012, a hearing officer found Destefano guilty of 20 charges and recommended the termination of his employment. On July 5, 2012, BOCES adopted the hearing officer's findings, and terminated Destefano's employment. Destefano subsequently commenced this hybrid proceeding pursuant to CPLR article 78 and action against BOCES alleging, inter alia, that BOCES's determination was not based on substantial evidence. In an order dated June 18, 2018, the Supreme Court transferred the CPLR article 78 proceeding to this Court pursuant to CPLR 7804(g).
"Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3 1182, 1183, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046). Here, contrary to Destefano's contention, BOCES's determination adopting the findings of the hearing officer that Destefano was guilty of misconduct and incompetence was supported by substantial evidence, and the penalty of termination of his employment was not so disproportionate [*2]to the offenses as to be shocking to one's sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222; Matter of Maher v Cade, 15 AD3d 489).
BOCES's remaining contentions are not properly before this Court.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court