■ JOHN MADRY, JR., Petitioner, v ANTHONY F. VETERAN et al., Constituting the Town Council of the Town of Greenburgh, Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Board of Police Commissioners of the Town of Greenburgh, dated June 9, 1977 and made after a hearing, which found petitioner guilty of certain charges of misconduct and dismissed him from the Town of Greenburgh Police Department. Determination confirmed, and proceeding dismissed on the merits, with costs. Following a hearing the petitioner was found guilty of violating ethical standards in that he made a false report as to damage incurred to his vehicle while on a tour of duty; that he failed to properly record his activities; that he failed to inspect his vehicle and promptly report damage to it; and that he failed to properly use his vehicle. As a result, he was dismissed from his position as a police officer. In our opinion, based on the entire record in this proceeding, the determination is supported by substan-

tial evidence. Moreover, we feel that the punishment imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Petitioner has engaged in conduct which could tend to destroy the public's confidence in his integrity and honesty as a police officer. Therefore, his conduct must be viewed in the context not only of the " 'failure or turpitude of the individual' but also of 'the harm or risk of harm to the agency or institution or to the public generally' " (see *Matter of Alfieri v Murphy,* 47 AD2d 820; see, also, *Matter of Pell v Board of Educ., supra,* p 235). Titone, J. P., Suozzi, Lazer, Gulotta and Cohalan, JJ., concur.