■ In the Matter of DAVID SCHIRTZER, Petitioner, v THEODORE W. O'NEILL, as Commissioner of Police of the City of Long Beach, Respondent. —Proceeding pursuant to CPLR article 78 to review a determination of the Police Commissioner of the City of Long Beach, dated December 27, 1978, and made after a hearing, which found petitioner guilty of violating certain police department rules and regulations and dismissed him from his position as a police officer. Determination confirmed, and proceeding dismissed on the merits, without costs or disbursements. In our opinion, based upon the entire record in this proceeding, the determination is supported by substantial evidence. Moreover, we feel that the punishment imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Madry v Veteran,* 70 AD2d 930). Titone, J. P., Cohalan, Martuscello and Gibbons, JJ., concur.

■ In the Matter of EDWIN F. TREADWELL et al., Appellants, v JUNIUS LANGHORNE et al., Respondents.—In a proceeding pursuant to CPLR article 78, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated April 18, 1979 as upon granting reargument adhered to its original determination dismissing the petition as moot. Order reversed insofar as appealed from, without costs or disbursements, petition reinstated and matter remanded to Special Term for a determination of the triable issues of fact. The respondents' assertions that a certification procedure pursuant to section 151 of the Indian Law had already taken place raises a factual question which should have been resolved at a hearing prior to Special Term's determination that the petition was moot. Therefore, we reverse the order under review insofar as appealed from, so that a hearing may be conducted. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.