■ In the Matter of WENDY LASSITER, Petitioner, v COUNTY OF DUTCHESS, Respondent. [683 NYS2d 103] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent's Office for the Aging, dated August 25, 1997, which, after a hearing, and a finding by the Hearing Officer that the respondent was guilty of 53 specifications of misconduct and/or incompetence, terminated her employment as a Site Manager.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination that she was guilty of misconduct in failing and refusing to perform numerous client assessments and reassessments is supported by substantial evidence in the record (*see generally, Matter of Berenhaus v Ward,* 70 NY2d 436; *People ex rel. Vega v Smith,* 66 NY2d 130). There was ample evidence from which

the respondent could conclude that the petitioner's steadfast refusal to perform this essential job function was deliberate and was not the result of a psychiatric disability allegedly caused by a purported traumatic event which she experienced in February 1996. The Hearing Officer did not err in permitting some generalized testimony concerning the petitioner's history of poor performance in this aspect of her work, since the testimony was permitted for the limited and appropriate purpose of rebutting the petitioner's claim that her work difficulties arose solely from the February 1996 incident. In any event, the record demonstrates that the petitioner rejected all reasonable attempts by her supervisors to provide her with someone to accompany her on visits to homebound clients.

Finally, given the petitioner's repeated and unequivocal refusal to ever again perform this job function, and under all of the circumstances of the case, the penalty of termination was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.