■ In the Matter of JANUSZ DUDA, Petitioner, v BOARD OF EDUCATION OF UNIONDALE UNION FREE SCHOOL DISTRICT et al., Respondents. [824 NYS2d 384]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Uniondale Union Free School District and the Uniondale Union Free School District dated September 23, 2004, which found the petitioner guilty of misconduct and terminated his employment as a custodian at the Turtle Hook Middle School, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Mahon, J.), entered May 5, 2005, which denied the petition and dismissed the proceeding.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Since the petition raises a substantial evidence question, the Supreme Court should have transferred the proceeding to the Appellate Division. Nevertheless, since the record is now before us, we will treat the proceeding as if it had been properly

transferred, and review the matter de novo (*see Matter of Natividad v Glen Cove Hous. Auth.*, 308 AD2d 542 [2003]).

"The review of administrative determinations in employee disciplinary cases made as a result of a hearing required by Civil Service Law § 75 is limited to a consideration of whether the determination is supported by substantial evidence" (*Matter of Mann v Town of Monroe*, 2 AD3d 527 [2003]; *see Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979 [1983]). "Substantial evidence has been defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987] [internal quotation marks omitted]; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "Moreover, it is the function of the administrative agency or the Hearing Officer, not the reviewing court, to weigh the evidence or assess the credibility of witnesses and determine which testimony to accept and which to reject" (*Matter of Sahni v New York City Bd. of Educ.*, 240 AD2d 751 [1997]).

The determination under review was supported by substantial evidence. Additionally, the imposed penalty of dismissal was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]; *Matter of Ficken v Vocational Educ. & Extension Bd. of County of Suffolk*, 238 AD2d 589 [1997]).

The petitioner's remaining contentions are without merit. Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.