In the Matter of ERIK WARD, Petitioner, v DIANA JUETTNER et al., Respondents. [880 NYS2d 163]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Police Commissioners of the Town of Greenburgh, dated February 16, 2007, made after a hearing, which found that the petitioner violated three Rules and Regulations of the Town of Greenburgh Police Department, and terminated his employment as a Police Officer with the Town of Greenburgh Police Department.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Following a disciplinary hearing, the petitioner was found guilty of violating three Rules and Regulations of the Town of Greenburgh Police Department (hereinafter the Department), in that he failed to follow the guidelines relating to the treatment of confidential informants; he failed to report matters of a police nature to his immediate supervisor; and he engaged in conduct that brought discredit upon the Department. As a result, he was terminated from his position as a police officer.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). A reviewing court "may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *see Matter of Collins v Codd*, 38 NY2d 269, 270-271 [1976]). In the instant case, substantial evidence supported the determination of the Board of Police Commissioners of the Town of Greenburgh that the petitioner violated three Rules and Regulations of the Department (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006]; *Madry v Veteran*, 70 AD2d 930 [1979]).

Further, the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness, "thus constituting an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *see Matter of Kelly v Safir*, 96 NY2d at 38; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 233; *Matter of Gustafson v Town of N. Castle, N.Y.*, 45 AD3d 766, 767 [2007]; *Matter of Maher v Cade*, 15 AD3d 489, 490 [2005]; *Madry v Veteran*, 70 AD2d at 930-931). Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.