In the Matter of JERRY PRIOLEAU, Petitioner, v BRIAN MURPHY et al., Respondents. [893 NYS2d 279]—

Contrary to the petitioner's contention, the challenged determination was supported by substantial evidence in the record (*see* CPLR 7803 [4]; *Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]). Moreover, the penalty imposed is not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Waldren v Town of Islip*, 6 NY3d 735, 736 [2005]; *Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

Nevertheless, the petitioner correctly contends that he is entitled to back pay and benefits for any period of suspension in excess of 30 days, including the period commencing with an earlier determination terminating his employment, which was annulled by this Court on procedural grounds (*see Matter of Prioleau v Nicoletti*, 54 AD3d 768 [2008]), up to the determination challenged herein, excluding any delay occasioned by him, and less any compensation derived from other employment during that period and any unemployment insurance benefits received for that period (*see* Civil Service Law § 75 [3]; *Matter of Gomez v Stout*, 13 NY3d 182 [2009]; *Matter of Sinicropi v Bennett*, 60 NY2d 918 [1983]). Thus, the matter must be remitted to the respondents to calculate the amount of back pay and benefits to which the petitioner is entitled, and to pay him that amount.

The parties' remaining contentions are either improperly raised in this proceeding or without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.