■ In the Matter of ARNOLD TAYLOR, Appellant, v CITY OF GLEN COVE, Respondent. [895 NYS2d 841]—

Proceeding pursuant to CPLR article 78 to review a determination of the City of Glen Cove dated October 29, 2008, made after a hearing pursuant to Civil Service Law § 75, finding the petitioner guilty of two charges of misconduct, and terminating his employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, a Supervisor of Sanitation in the Department of Public Works of the City of Glen Cove, pleaded guilty to the crimes of criminal sale of a controlled substance in the fifth degree, a class D felony, and criminal possession of a weapon in the fourth degree, a class A misdemeanor. He was brought up on disciplinary charges pursuant to Civil Service Law § 75. After a hearing, the petitioner was found guilty of two charges of misconduct: (1) committing an offense which reflected unfavorably upon his moral character and brought discredit to the City; and (2) pleading guilty to a class D felony and a class A misdemeanor. As a result, the petitioner was terminated from his employment.

"In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination" (*Matter of Ward v Juettner*, 63 AD3d 748, 748 [2009]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Here, contrary to the petitioner's contention, his conviction of criminal sale of a controlled substance in the fifth degree and criminal possession of a weapon in the fourth degree constituted misconduct (*see Matter of Telesco v Village of Port Chester*, 211 AD2d 723 [1995]; *Matter of Cromwell v Bates*, 105 AD2d 699 [1984]; *Matter of Zazycki v City of Albany*, 94 AD2d 925 [1983]). Accordingly, there was substantial evidence to support the determination (*see generally Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]; *Matter of Ward v Juettner*, 63 AD3d 748 [2009]; *Matter of Revella v Felton*, 60 AD3d 1184 [2009]).

Further, the termination of the petitioner's employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d at 38; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 237). Fisher, J.P., Santucci, Eng and Chambers, JJ., concur.