■ In the Matter of PAUL AMMANN, Petitioner, v MICHAEL ODESTICK, as Deputy Commissioner of the Westchester County Department of Information Technology, et al., Respondents. [899 NYS2d 880]—

Proceeding pursuant to CPLR article 78 to review a determination of the Deputy Chief Information Officer of the Westchester County Department of Information Technology dated May 26, 2009, which adopted the findings and recommendations of a hearing officer dated May 9, 2009, made after a hearing, finding the petitioner guilty of misconduct and incompetence, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Following a disciplinary hearing, the petitioner was found guilty of violating the attendance policy of the respondent Westchester County Department of Information Technology, including leaving work early on numerous dates, without authorization, and being absent from the office on many dates, without authorization. Upon the hearing officer's recommendation, the petitioner's employment was terminated. "In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination" (*Matter of Ward v Juettner*, 63 AD3d 748, 748 [2009]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). A reviewing court "may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *see Matter of Ward v Juettner*, 63 AD3d at 748; *Matter of Morris v Calderone*, 49 AD3d 741, 742 [2008]). Here, contrary to the petitioner's contentions, the testimony of the respondents' witnesses, which the hearing officer credited, together with other evidence and a finding that the petitioner was generally not credible, constituted substantial evidence to support the determination (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]; *Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006]; *Madry v Veteran*, 70 AD2d 930 [1979]).

Moreover, the penalty of termination was not so disproportionate to the offense as to be shocking to one's sense of fairness

such that it would "constitut[e] an abuse of discretion as a matter of law" (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *see Matter of Kelly v Safir*, 96 NY2d at 38; *Matter of Gustafson v Town of N. Castle, N.Y.*, 45 AD3d 766, 767 [2007]; *Matter of Maher v Cade*, 15 AD3d 489, 490 [2005]; *Madry v Veteran*, 70 AD2d at 930-931).

The petitioner's remaining contentions are without merit. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.