■ In the Matter of CRAIG J. WEYMER, Petitioner, v NEW YORK STATE DIVISION OF STATE POLICE et al., Respondents. [903 NYS2d 246]—Proceeding pursuant to CPLR article 78 to review a determination of Harry J. Corbitt, the Superintendent of the New York State Division of State Police, dated June 26, 2008, adopting the findings of a hearing board dated June 4, 2008, made after a hearing, that the petitioner improperly impounded a motor vehicle and failed to act in a courteous, dignified, and businesslike manner in violation of regulation 8A4 of the New York State Police Rules and Regulations, and acted in a manner tending to bring discredit upon the New York State Division of State Police in violation of regulation 8A8 (2) of the New York State Police Rules and Regulations, and formally censuring the petitioner and suspending him without pay for one day.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The challenged determination is supported by substantial evidence (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 180 [1978]). The few instances of conflicting testimony merely "raised issues of credibility for the Hearing [Board] to resolve" (*Matter of Leong v Safir,* 259 AD2d 751, 752 [1999]; *see Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444 [1987]; *Matter of Ammann v Odestick,* 73 AD3d 915 [2010]; *Matter of Reyes v Goord,* 49 AD3d 546 [2008]; *Matter of Gilzene v McGinnis,* 300 AD2d 658, 659 [2002]). Moreover, the penalty imposed was not "so disproportionate to the offenses as to be shocking to one's sense of fairness," thus constituting an abuse of discretion as a matter of law (*Matter of Kelly v Safir,* 96 NY2d 32, 38 [2001]; *see* CPLR 7803 [3]; *Matter of Ammann v Odestick,* 73 AD3d 915 [2010]; *Matter of Toth v Nassau County Police Dept.,* 302 AD2d 600 [2003]). Rivera, J.P., Balkin, Austin and Roman, JJ., concur.