In the Matter of NORMA MORALES-REYES, Appellant, v WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [916 NYS2d 819]—

Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Social Services, dated July 7, 2009, made after a hearing, which found the petitioner guilty of 16 charges of misconduct and/or incompetence, and terminated her employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

"In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination" (*Matter of Ward v Juettner*, 63 AD3d 748, 748 [2009]; *see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). A reviewing court "may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists" (*Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]

[internal quotation marks omitted]; *see Matter of Ward v Juettner*, 63 AD3d at 748; *Matter of Morris v Calderone*, 49 AD3d 741, 742 [2008]). Here, substantial evidence supported the determination of the Westchester County Department of Social Services that the petitioner committed certain acts of misconduct.

The penalty of dismissal was not so disproportionate to the offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Kelly v Safir*, 96 NY2d at 38; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of Ward v Juettner*, 63 AD3d at 748; *Matter of Gustafson v Town of N. Castle, N.Y.*, 45 AD3d 766, 767 [2007]; *Matter of Maher v Cade*, 15 AD3d 489, 490 [2005]). Mastro, J.P., Balkin, Leventhal and Miller, JJ., concur.