■ In the Matter of ROBERT MARTIN, Petitioner, v BOARD OF TRUSTEES OF THE VILLAGE OF PELHAM MANOR et al., Respondents. [927 NYS2d 599]—

The petitioner, a police officer employed by the Village of Pelham Manor, was found guilty of various disciplinary charges against him, including excessive use of paid sick leave and insubordination.

The standard of review in an administrative determination made after a hearing is limited to considering whether the determination was supported by substantial evidence (*see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Ward v Juettner*, 63 AD3d 748 [2009]). It is the function of the administrative agency, not the reviewing court, to weigh the evidence, assess the credibility of witnesses, and determine which evidence to accept or reject (*see Matter of Morales-Reyes v Westchester County Dept. of Social Servs.*, 81 AD3d 831 [2011]; *Matter of Ward v Juettner*, 63 AD3d 748 [2009]; *Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006]; *Matter of Maher v Cade*, 15 AD3d 489 [2005]). Where the evidence is conflicting and room for choice exists, a reviewing court may not weigh the evidence or reject the choice made by the administrative agency (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *Matter of Morales-Reyes v Westchester County Dept. of Social Servs.*, 81 AD3d 831 [2011]).

Contrary to the petitioner's contention, the determination of the respondent Board of Trustees of the Village of Pelham Manor is supported by substantial evidence in the record (*see Matter of Berenhaus v Ward*, 70 NY2d at 443; *300 Gramatan Ave. Assoc v State Div. of Human Rights*, 45 NY2d at 184; *Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580 [2006]; *Matter of Maher v Cade*, 15 AD3d 489 [2005]; *Matter of Mann v Town of Monroe*, 2 AD3d 527, 528 [2003]; *Matter of Whiting v Village of Old Brookville Police Dept.*, 220 AD2d 600 [1995]).

Moreover, the penalty of termination of employment was not so disproportionate to the offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law (*see Matter of Morales-Reyes v Westchester County Dept. of Social Servs.*, 81 AD3d at 832; *Matter of Ward v Juettner*,

63 AD3d at 749; *Matter of Gustafson v Town of N. Castle, N.Y.,* 45 AD3d 766, 767 [2007]; *Matter of Maher v Cade,* 15 AD3d at 490; *Matter of Lassiter v County of Dutchess,* 256 AD2d 578 [1998]).

The petitioner's remaining contentions are without merit. Rivera, J.P., Covello, Florio and Lott, JJ., concur.