■ In the Matter of MICHAEL PASQUA, Respondent, v VILLAGE OF MAMARONECK FIRE DEPARTMENT et al., Appellants. [987 NYS2d 874]—

In a proceeding pursuant to CPLR article 78 to review a determination of Union No. 1 of Mamaroneck and Rye Neck Hook and Ladder Company dated December 5, 2011, which after a hearing, found the petitioner guilty of misconduct and terminated his membership in the Village of Mamaroneck Fire Department, the Village of Mamaroneck Fire Department, Union No. 1 of Mamaroneck and Rye Neck Hook and Ladder Company, and the Village of Mamaroneck appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Cacace, J.), entered September 24, 2012, as granted that branch of the petition which sought to review the penalty imposed, annulled so much of the determination as terminated the petitioner's membership in the Village of Mamaroneck Fire Department, reduced the penalty to a suspension for a period of 29 months, with credit for the period of suspension already served, and directed that the petitioner be reinstated as a member of the Village of Mamaroneck Fire Department.

Ordered that the judgment is reversed insofar as appealed

from, on the law, with costs, that branch of the petition which sough to review the penalty imposed is denied, the penalty is confirmed, and the proceeding is dismissed on the merits.

After a hearing, the petitioner's membership in the Village of Mamaroneck Fire Department, a volunteer fire department, was terminated, based upon his verbally abusive conduct directed to fellow firefighters during the course of a fire, and his failure to follow direct orders, including an order directing him to leave the scene of an emergency because he was not attired in proper gear. At the hearing, reference was made to the petitioner's prior "assault" of a line officer, resulting in a suspension. The petitioner did not testify at the hearing.

An administrative penalty must be upheld unless it "is so disproportionate to the offense . . . as to be shocking to one's sense of fairness," thus constituting an abuse of discretion as a matter of law (*Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004] [internal quotation marks omitted]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 235 [1974]; *Matter of McDougall v Scoppetta*, 76 AD3d 338 [2010]). The petitioner's conduct endangered himself and distracted his coworkers while they were fighting a fire, thus possibly endangering them as well. Under these circumstances, the penalty of termination of membership was not shocking to one's sense of fairness (*see Matter of Rutkunas v Stout*, 8 NY3d 897, 898 [2007]). Accordingly, the Supreme Court should have denied that branch of the petition which sought to review the penalty, confirmed the penalty, and dismissed the proceeding on the merits.

The petitioner's remaining contentions are either without merit or not properly before this Court. Eng, P.J., Austin, Hinds-Radix and LaSalle, JJ., concur.