■ In the Matter of MARCO ALARCON, Petitioner, v BOARD OF EDUCATION OF SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT et al., Respondents. [995 NYS2d 101]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the South Orangetown Central School District dated August 27, 2012, which adopted the recommendation of a hearing officer dated July 27, 2012, made after a hearing, finding the petitioner guilty of certain charges of misconduct and incompetence, and terminated his employment.

Adjudged that the branch of the petition which was to compel the respondents to compensate the petitioner for back pay and benefits from December 4, 2009, through August 27, 2012, is granted, on the law, without costs or disbursements, to the extent that the matter is remitted to the respondents to compute the amount of back pay and benefits, if any, owed to the petitioner in accordance herewith, and to pay him that amount, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

Contrary to the petitioner's contention, the challenged determination was supported by substantial evidence in the record (*see* CPLR 7803 [4]; *Matter of Bermel v Walcott*, 112 AD3d 619, 620 [2013]; *Matter of Guidarelli v Israel*, 105 AD3d 739, 740 [2013]). Furthermore, the penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Waldren v Town of Islip*, 6 NY3d 735 [2005]; *Matter of Capone v Patchogue-Medford Union Free School Dist.*, 38 AD3d 770, 772 [2007]), thus constituting an abuse of discretion as a matter of law (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Pasqua v Village of Mamaroneck Fire Dept.*, 119 AD3d 588, 589 [2014]).

The petitioner, however, correctly contends that he is entitled to back pay and benefits for any period of suspension in excess of 30 days, including the period commencing with an earlier determination terminating his employment, which was previously annulled by this Court (*see Matter of Alarcon v Board of Educ. of S. Orangetown Cent. School Dist.*, 85 AD3d 780 [2011]), up to the date of the determination challenged herein, excluding any

delay occasioned by him, and less any unemployment insurance benefits received for that period (*see* Civil Service Law § 75 [3]; *Matter of Gomez v Stout*, 13 NY3d 182, 188 [2009]; *Matter of Sinicropi v Bennett*, 60 NY2d 918, 920 [1983]; *Matter of Prioleau v Murphy*, 69 AD3d 943, 944 [2010]). Thus, the matter must be remitted to the respondents to calculate the amount of back pay and benefits to which the petitioner is entitled, if any, and to pay him that amount.

The petitioner's remaining contention is without merit. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.