■ In the Matter of GREGORY BOSCH, Petitioner, v CITY OF MIDDLETOWN, NEW YORK, et al., Respondents. [4 NYS3d 898]—

Proceeding pursuant to CPLR article 78 to review a determination of the Common Council of the City of Middletown, dated August 20, 2013, which adopted the recommendation of the Committee of Aldermen, made after a hearing, finding the petitioner guilty of two charges of misconduct or insubordination, and terminated his employment as a firefighter.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The standard of review in an administrative determination made after a trial-type hearing directed by law is limited to considering whether the determination was based on substantial evidence (*see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Martin v Board of Trustees of the Vil. of Pelham Manor*, 86 AD3d 645, 646 [2011]). It is the function of the administrative agency, not the reviewing court, to weigh the evidence, assess the credibility of witnesses, and

determine which testimony to accept and which to reject (*see Matter of Morales-Reyes v Westchester County Dept. of Social Servs.*, 81 AD3d 831, 831 [2011]; *Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580, 581 [2006]). Where evidence is conflicting and room for choice exists, a reviewing court may not weigh the evidence or reject the choice made by the administrative agency (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *Matter of Ammann v Odestick*, 73 AD3d 915, 915 [2010]). Here, substantial evidence supported the determination of the respondent Common Council of the City of Middletown that the petitioner committed certain acts of misconduct or insubordination.

The penalty of dismissal did not constitute an abuse of discretion as a matter of law, as it was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Ware v Board of Fire Commr. of the Roosevelt Fire Dist.*, 98 AD3d 523, 523 [2012]; *Matter of Loscuito v Scoppetta*, 50 AD3d 905, 906 [2008]).

The petitioner's remaining contentions are either without merit or not properly before this Court (*see Matter of Khan v New York State Dept. of Health*, 96 NY2d 879, 880 [2001]; *Green v New York City Police Dept.*, 34 AD3d 262 [2006]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.