◼ In the Matter of EDWARD MUNDINGER, Petitioner, v SMITH-TOWN CENTRAL SCHOOL DISTRICT, Respondent. [59 NYS3d 62]— Proceeding pursuant to CPLR article 78 to review a determination of the Smithtown Central School District dated July 30, 2014, which adopted the report and recommendation of a hearing officer, made after a hearing pursuant to Civil Service Law article 75, finding the petitioner guilty of certain disciplinary charges, and terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The standard of review of an administrative determination made after a quasi-judicial hearing required by law is limited to considering whether the determination was based on substantial evidence (*see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Bosch v City of Middletown, N.Y.*, 127 AD3d 855, 855-856 [2015]; *Matter of Martin v Board of Trustees of the Vil. of Pelham Manor*, 86 AD3d 645 [2011]). It is the function of the administrative agency, not the reviewing court, to weigh the evidence, assess the credibility of witnesses, and determine which testimony to accept and which to reject (*see Matter of Bosch v City of Middletown, N.Y.*, 127 AD3d at 855-856; *Matter of Morales-Reyes v Westchester County Dept. of Social Servs.*, 81 AD3d 831 [2011]; *Matter of Duda v Board of Educ. of Uniondale Union Free School Dist.*, 34 AD3d 580 [2006]). Where evidence is conflicting and room for choice exists, a reviewing court may not weigh the evidence or reject the choice made by the administrative agency (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *Matter of Bosch v City of Middletown, N.Y.*, 127 AD3d at 856; *Matter of Ammann v Odestick*, 73 AD3d 915 [2010]). Here, substantial evidence supported the determination of the respondent, Smithtown Central School District, that the petitioner committed certain acts of misconduct or insubordination.

The penalty of termination of the petitioner's employment was not so disproportionate to the offenses as to be shocking to one's sense of fairness (*see Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Bosch v City of*

*Middletown, N.Y.*, 127 AD3d at 856; *Matter of Ware v Board of Fire Commr. of the Roosevelt Fire Dist.*, 98 AD3d 523, 523 [2012]; *Matter of Loscuito v Scoppetta*, 50 AD3d 905, 906 [2008]). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.