Matter of Wright v State Univ. of N.Y. Mar. Coll. (2020 NY Slip Op 00601)





Matter of Wright v State Univ. of N.Y. Mar. Coll.


2020 NY Slip Op 00601


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-14107
 (Index No. 1657/18)

[*1]In the Matter of Sean Wright, etc., petitioner,
v
State University of New York Maritime College, respondent.


Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Steven C. Wu and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Acting Commandant of Cadets of the State University of New York Maritime College dated December 5, 2017. The determination affirmed a decision of the Acting Deputy Commandant of Cadets of the State University of New York Maritime College dated November 8, 2017, made after a hearing, finding that the petitioner violated certain sections of the Rules and Regulations Manual for the Regiment of Cadets and, inter alia, permanently removing him from the Regiment of Cadets.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner, a student at the respondent, State University of New York Maritime College (hereinafter Maritime College), and a member of the Regiment of Cadets at the school, previously had been removed from the Regiment of Cadets in 2014 due to an incident not at issue in this proceeding. In the fall of 2015, the petitioner had been readmitted to the Regiment of Cadets on the condition that any future misconduct would result in his immediate and permanent removal.
Thereafter, in August 2017, the petitioner was charged with violating certain sections of the Rules and Regulations Manual for the Regiment of Cadets (hereinafter the Rules and Regulations). In September 2017, the Disciplinary/Suitability Hearing Board of Maritime College (hereinafter the Disciplinary Board) held a hearing to determine whether the petitioner committed the alleged violations. During the hearing, the petitioner, inter alia, admitted to removing a fire axe from the wall of a ship, and also represented that he had received no other demerits during the previous two years. The Disciplinary Board concluded that the petitioner was guilty of two offenses. Thereafter, the Acting Deputy Commandant of Cadets of Maritime College issued a decision, among other things, permanently removing the petitioner from the Regiment of Cadets at Maritime College.
In a determination dated December 5, 2017 (hereinafter the December 2017 determination), the Acting Commandant of Cadets affirmed the decision, inter alia, permanently removing the petitioner from the Regiment of Cadets. The petitioner then commenced this [*2]proceeding pursuant to CPLR article 78 to annul the December 2017 determination, alleging, inter alia, that it was arbitrary and capricious. In an order dated June 28, 2018, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Contrary to the petitioner's contention, review of a determination made after a hearing is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1046; Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d 1182). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (Matter of Velez-Santiago v State Univ. of N.Y. at Stony Brook, 170 AD3d at 1183, quoting 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180).
Here, the petitioner admitted at his hearing that he picked up an axe and held it in his hands, and that he understood that it was a fire axe. Further, the petitioner's representation that he had not received any further demerits during the preceding two-year period was belied by his student record reflecting that he had received multiple additional demerits during that time period. The Disciplinary Board determined that the petitioner's admission about the axe and his representations about a lack of disciplinary history constituted violations of the Rules and Regulations, and the Acting Deputy Commandant of Cadets thereafter determined that the violations warranted the permanent removal of the petitioner from the Regiment of Cadets. The December 2017 determination affirmed that decision.
Accordingly, since the December 2017 determination was supported by substantial evidence, we confirm the determination, deny the petition, and dismiss the proceeding.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court