Matter of Guarnieri v County of Rockland (2024 NY Slip Op 02194)

Matter of Guarnieri v County of Rockland

2024 NY Slip Op 02194

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-09522
 (Index No. 32704/19)

[*1]In the Matter of Victoria Guarnieri, petitioner,
v
County of Rockland, respondent.

Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for petitioner.
Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Rockland County Department of Social Services dated January 25, 2019. The determination adopted the findings of a hearing officer dated January 15, 2019, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of five charges of gross misconduct, and terminated the petitioner's employment as a case supervisor in the Child Protective Services division of the Rockland County Department of Social Services.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the Rockland County Department of Social Services (hereinafter DSS) as a Grade B case supervisor in the Child Protective Services division (hereinafter CPS). In November and December 2017, DSS served the petitioner with a total of five charges of gross misconduct, including insubordination, unethical behavior, time theft, and misrepresentation. A disciplinary hearing pursuant to Civil Service Law § 75 was held over the course of six dates. In a report and recommendation dated January 15, 2019, the hearing officer found the petitioner guilty of all five charges and recommended termination of the petitioner's employment. On January 25, 2019, DSS adopted the findings of the hearing officer and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review DSS's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR
7804(g).
"'In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence'" (Matter of Scott v Westchester County, 204 AD3d 807, 808, quoting Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Wright v State Univ. of N.Y. Mar. Coll., 179 AD3d 1080, 1081 [internal quotation marks omitted]). "A reviewing court 'may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Morales-Reyes v Westchester County Dept. of Social Servs., 81 AD3d 831, 831, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444).
Here, the determination of DSS that the petitioner was guilty of the gross misconduct [*2]alleged in charges one through five was supported by substantial evidence (see Matter of Scott v Westchester County, 204 AD3d at 809; Matter of Morales-Reyes v Westchester County Dept. of Social Servs., 81 AD3d at 832). The record demonstrates that the petitioner received direction to cease communications with certain DSS clients, but continued to contact those clients and involve herself in an open DSS case after her role had ended. The evidence also indicates that the petitioner inaccurately accounted for her time with regard to jury duty pay, and acted as a representative of DSS when she was not authorized to do so.
"'Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law'" (Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705, quoting Matter of Kelly v Safir, 96 NY2d 32, 38). "An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Sullivan v County of Rockland, 192 AD3d 895, 897). Contrary to the petitioner's contention, the penalty of termination of employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625; Matter of Morales-Reyes v Westchester County Dept. of Social Servs., 81 AD3d at 832). Furthermore, the petitioner failed to meet her burden of demonstrating that her employment was terminated for constitutionally impermissible reasons (see Matter of Santer v Board of Educ. of E. Meadow Union Free Sch. Dist., 23 NY3d 251, 261-262; Matter of Zaretsky v New York City Health & Hosps. Corp., 84 NY2d 140, 145).
In light of the foregoing, we need not reach the parties' remaining contention.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court