Matter of Maselli v Yonkers Bd. of Educ. (2024 NY Slip Op 05209)

Matter of Maselli v Yonkers Bd. of Educ.

2024 NY Slip Op 05209

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2021-09509
 (Index No. 53350/21)

[*1]In the Matter of Francesco Maselli, petitioner,
v
Yonkers Board of Education, respondent.

Charny & Wheeler P.C., Rhinebeck, NY (Russell G. Wheeler of counsel), for petitioner.
Abrams Fensterman LLP, White Plains, NY (Robert A. Spolzino, Daniel S. Alter, and Lisa Colosi Florio of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Yonkers Board of Education dated November 18, 2020. The determination adopted the findings of a hearing officer dated November 7, 2020, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of misconduct and incompetence, and terminated the petitioner's employment.
ADJUDGED that the branch of the petition which was to compel the Yonkers Board of Education to compensate the petitioner for back pay is granted, on the law, without costs or disbursements, to the extent that the matter is remitted to the Yonkers Board of Education for a hearing to determine whether the petitioner bears responsibility for any portion of the delay and thereafter, for an award to the petitioner of the back pay to which he is entitled, the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.
The petitioner was employed by the Yonkers School District as a custodial worker. In August 2019, the Yonkers Board of Education (hereinafter the Board) served the petitioner with one charge of misconduct and incompetence related to the petitioner's sale of illegal narcotics and plea of guilty to attempted criminal sale of a controlled substance in the third degree, a class C felony (Penal Law §§ 110.00, 220.39[1]), and criminal possession of a controlled substance in the seventh degree, a class A misdemeanor (id. § 220.03). A hearing pursuant to Civil Service Law § 75(3) was held over the course of three dates. In a report and recommendation dated November 7, 2020, the hearing officer found the petitioner guilty of misconduct and incompetence and recommended termination of the petitioner's employment. On November 18, 2020, the Board adopted the findings of the hearing officer and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78, inter alia, to review the Board's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"'In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination [*2]was supported by substantial evidence'" (Matter of Scott v Westchester County, 204 AD3d 807, 808, quoting Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595; see CPLR 7803[4]). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Wright v State Univ. of N.Y. Mar. Coll., 179 AD3d 1080, 1081 [internal quotation marks omitted]). "A reviewing court 'may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Morales-Reyes v Westchester County Dept. of Social Servs., 81 AD3d 831, 831, quoting Matter of Berenhaus v Ward, 70 NY2d 436, 444).
Here, the determination that the petitioner was guilty of misconduct and incompetence was supported by substantial evidence (see Matter of Scott v Westchester County, 204 AD3d at 809; Matter of Morales-Reyes v Westchester County Dept. of Social Servs., 81 AD3d at 832). The record demonstrates that the petitioner possessed and sold narcotics to a confidential informant on school grounds. The evidence also demonstrates that the petitioner pleaded guilty to attempted criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree in connection with three subsequent sales of narcotics and that his conduct violated certain school district policies.
"'Judicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law'" (Matter of Tenemille v Town of Ramapo, 188 AD3d 704, 705, quoting Matter of Kelly v Safir, 96 NY2d 32, 38). "An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Sullivan v County of Rockland, 192 AD3d 895, 897). Contrary to the petitioner's contention, the penalty of termination of employment was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625; Matter of Morales-Reyes v Westchester County Dept. of Social Servs., 81 AD3d at 832).
Nevertheless, the petitioner correctly contends that he is entitled to back pay for the period he was suspended without pay in excess of 30 days, excluding any delay occasioned by him and less any unemployment insurance benefits received for that period (see Matter of Alarcon v Board of Educ. of S. Orangetown Cent. Sch. Dist., 121 AD3d 888, 888-889; Matter of Prioleau v Murphy, 69 AD3d 943, 944). Accordingly, the petitioner is entitled to back pay, and the matter must be remitted to the Board for a hearing to determine whether the petitioner bears responsibility for any portion of the delay and thereafter, for an award to the petitioner of the back pay to which he is entitled (see Matter of Alarcon v Board of Educ. of S. Orangetown Cent. Sch. Dist., 121 AD3d at 888-889; Nabors v Town of Somers, 72 AD3d 769, 773).
IANNACCI, J.P., MALTESE, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court