In the Matter of ESTEBAN GARCIA, Doing Business as ICO's PAINT, Trading as ICO PAINTING, Petitioner, v EVELYN C. HEADY et al., as the New York State Industrial Board of Appeals, et al., Respondents. [847 NYS2d 303]—

Crew III, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Industrial Board of Appeals which found that petitioner violated Labor Law § 652 (1) by underpaying wages to two former employees.

Petitioner is the owner of a paint contracting business located in Westchester County. In 2003, two of petitioner's former employees, Marvin Diaz and Armando Escobar (hereinafter collectively referred to as claimants), filed complaints with the Department of Labor (hereinafter DOL) alleging that petitioner violated Labor Law § 652 by failing to pay overtime at the rate of 1¹/₂ times their regular wage rate. Following an investigation, DOL determined that petitioner indeed paid claimants a wage rate below the minimum prescribed in 12 NYCRR 142-2.2 and, accordingly, issued an order to comply directing petitioner to pay $62,344.85 in wages, interest and penalties.

Petitioner thereafter sought administrative review from the Industrial Board of Appeals (hereinafter IBA) contending, among other things, that claimants were paid at a rate in excess of the minimum during the years in question and, as such, were not entitled to additional overtime wages. Following a hearing, the IBA modified DOL's order by reducing the amount of wages due to conform to the proof offered during the hearing with regard to claimants' respective periods of employment and rates of pay, but otherwise affirmed. Petitioner then commenced this proceeding pursuant to CPLR article 78, subsequently transferred to this Court, seeking to annul the IBA's determination.

We confirm. Initially, we reject petitioner's contention that DOL lacked jurisdiction over this matter because a proper complaint was not filed. Specifically, petitioner contends that claimants signed blank complaint forms, which the DOL investigator subsequently completed for them, thus rendering

claimants' certifications as to the truth of the statements contained therein null and void. Although one of the claimants indeed testified that the complaint was blank when he signed it, the DOL investigator provided testimony to the contrary, thereby raising a credibility issue for the IBA to resolve (*see Matter of CNP Mech., Inc. v Angello*, 31 AD3d 925, 927 n [2006], *lv denied* 8 NY3d 802 [2007]). In any event, DOL possesses the inherent authority to investigate Labor Law violations even in the absence of a formal complaint (*see* Labor Law § 21 [1]).

Turning to the merits, based upon our review of the record as a whole, we are satisfied that the IBA's determination is supported by substantial evidence. Although petitioner contends, among other things, that Diaz is not entitled to overtime wages because he falls within the "motor carrier exemption" set forth in the Fair Labor Standards Act (*see* 29 USC § 213 [b] [1]), we need note only that such exemptions are narrowly construed against the employer (*see Matter of Scott Wetzel Servs. v New York State Bd. of Indus. Appeals*, 252 AD2d 212, 214 [1998]) and petitioner failed to tender any documentary evidence to substantiate his otherwise conclusory claim that Diaz spent a significant amount of his time driving between jobs in New York and Connecticut. Having failed to sustain his burden of proof in this regard, petitioner cannot now be heard to complain.

We reach a similar conclusion with regard to the computation of claimants' regular rate of pay. The record reveals that petitioner failed to maintain records of the hours claimants worked and/or provide them with wage stubs, thus compelling DOL to employ an alternate analysis to ascertain the number of hours that claimants worked and, in turn, imposing upon petitioner the burden of demonstrating the unreasonableness of DOL's calculations (*see Matter of Marangos Constr. Corp. v New York State Dept. of Labor*, 216 AD2d 758, 759-760 [1995]). As petitioner failed to introduce any documentary evidence to contradict claimants' testimony regarding the hours they worked and their daily routines, he failed to meet his burden of proof in this regard and, hence, we are unable to discern a basis upon which to set aside the IBA's modified determination.

Finally, as to the issue of interest and penalty, DOL is obligated to impose interest at the statutory rate (*see* Labor Law § 219 [1]; Banking Law § 14-a [1]) and, based upon our review of the record as a whole, we cannot say that the civil penalty imposed was "so disproportionate to the underlying offense as to be shocking to one's sense of fairness" (*Matter of Sarco Indus. v Angello*, 23 AD3d 715, 717 [2005]). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.