■ In the Matter of KATHLEEN CLIFFORD, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the New York City Police Department, et al., Respondents. [870 NYS2d 317]—

Determination of respondent Police Commissioner, dated December 20, 2006, finding petitioner guilty of the departmental infraction of failure to comply with a superior officer's order, and imposing a forfeiture of 10 vacation days, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Walter B. Tolub, J.], entered August 17, 2007), dismissed, without costs.

It is undisputed that on December 11, 2005: petitioner police officer missed roll call and arrived at her assigned stationhouse 25 minutes late for duty; her supervising officer, Sergeant James Logan, ordered her to proceed directly to the locker room and change into her uniform; rather than go directly upstairs to the locker room, petitioner walked down a hallway a few feet past the staircase and went to the muster room to pick up a "cookie sheet," which lists officers' assignments prior to a tour of duty, but not changed assignments; Sergeant Logan followed petitioner into the muster room and repeated his directive that she go to the locker room and change, at which point she complied.

Because petitioner was 25 minutes late, Sergeant Logan had reassigned her to a new duty, not reflected on the "cookie sheet." He and petitioner disputed whether he told her to report back to him from the locker room for her assignment; petitioner testified that she detoured to the muster room in order to pick up her "cookie sheet" and ascertain her assignment, so that she could equip herself appropriately.

The hearing officer sustained the charge of disobeying an order of a superior officer, "based on [petitioner's] admission that after receiving Logan's order, she did not proceed directly upstairs to get dressed, but instead went to the back muster room." The hearing officer noted in mitigation that "it is not likely that [petitioner] would have intentionally disobeyed his command," but rather, "it is more likely that she was trying to better prepare for her tour when she momentarily detoured to the back muster room before going upstairs to the locker room," and thus, "her actions were in good faith, work-related, and *de minimis* in nature." In light of those mitigating circumstances, the hearing officer recommended a forfeiture of 10 vacation days.

Substantial evidence supports the hearing officer's determination that, essentially, petitioner did not disregard a superior

officer's order out of discourtesy, but out of a belief that she knew better than he how to carry out her duties. The Police Department is a paramilitary organization (*see Matter of Caruso v Ward*, 72 NY2d 432, 439 [1988]), and as such, depends for its effectiveness on prompt obedience to lawful orders under a hierarchical command structure. Indeed, the commands often have life or death consequences for officers and civilians. The fact that the command at issue did not rise to that level of importance was taken into consideration by the Commissioner in imposing a relatively minor penalty, which is not so disproportionate to the offense as to be shocking to one's sense of fairness, particularly considering the Commissioner's great leeway in matters of police discipline (*see Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]; *Matter of Padilla v Kelly*, 41 AD3d 271 [2007] [penalty of probationary dismissal and forfeiture of 32 days of pay for failure to comply with lawful order of superior officer not shocking to the conscience]). Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.