■ In the Matter of ANDREW NASH, Petitioner, v RAYMOND W. KELLY, as Police Commissioner of the City of New York, et al., Respondents. [880 NYS2d 286]—

Determination of respondent Police Commissioner dated October 16, 2007, imposing a 30-day suspension, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan A. Madden, J.], entered June 24, 2008), dismissed, without costs.

No basis exists to disturb the hearing officer's findings. He credited the Department's witnesses who testified that petitioner, an information technologist, failed to comply with a lawful order of a superior officer to provide her with licensing information on a computer program used by the Department and was discourteous to that officer when questioned about such refusal. The Hearing Officer discredited petitioner's testimony that he got "a little loud and upset," but did not yell and scream, when, after telling the superior officer that he caught her assistant hacking into his computer, she ordered him not to report the incident (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). Substantial evidence supporting these findings includes the testimony of other officers concerning the tenor and tone of the verbal exchange between petitioner and the superior officer, and the absence of evidence showing why petitioner apparently believed he had a proprietary interest in the computer and its contents. The penalty does not shock our conscience (*cf. Matter of Clifford v Kelly*, 58 AD3d 432, 434 [2009]). We have considered petitioner's argument that he was denied a fair hearing and find it without merit. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.