■ In the Matter of GUILLERMO M. RAMIREZ et al., Petitioners, v COMMISSIONER OF LABOR OF STATE OF NEW YORK, et al., Respondents. [972 NYS2d 696]—

Proceeding pursuant to CPLR article 78 to review so much of a determination of the State of New York Industrial Board of Appeals dated July 26, 2011, as, after a hearing, modified an order to comply issued by the Commissioner of Labor of the State of New York dated October 7, 2009, finding that the petitioners underpaid employees in violation of Labor Law article 19 and imposing civil penalties, and directed the Commissioner of Labor to adjust the underpayments based on certain recalculations.

Adjudged that the determination is confirmed, the amended petition is denied, and the proceeding is dismissed on the merits, with costs.

After a hearing, the State of New York Industrial Board of Appeals (hereinafter the IBA) issued a determination which, among other things, modified an order to comply issued by the Commissioner of Labor of the State of New York (hereinafter the Commissioner), finding that the petitioners underpaid employees in violation of Labor Law article 19 and imposing civil penalties, and directed the Commissioner to adjust the underpayments based on certain recalculations. Contrary to the petitioners' contention, the IBA's determination is supported by substantial evidence (*see Matter of Aldeen v Industrial Appeals Bd.*, 82 AD3d 1220, 1221 [2011]).

The petitioners failed to satisfy their burden of demonstrating that the method used to calculate the amount of underpayments was unreasonable (*see Matter of D & D Mason Contrs., Inc. v Smith*, 81 AD3d 943, 944 [2011]; 12 NYCRR 65.30). When a petitioner fails to produce complete and accurate records, the Department of Labor is entitled to make just and reasonable inferences and use other evidence to establish the amount of underpaid wages, even though the results may be approximate (*see Matter of D & D Mason Contrs., Inc. v Smith*, 81 AD3d at 944; *Matter of Hy-Tech Coatings v New York State Dept. of Labor*,

226 AD2d 378, 379 [1996]; *Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818, 820 [1989]). Here, the IBA's finding that the petitioners' employee time cards and weekly payroll sheets did not accurately reflect the hours actually worked by the subject employees was amply supported by the evidence adduced at the hearing. The petitioners' contention that the IBA should have credited the evidence which they produced at the hearing regarding the number of hours worked by each employee is unavailing, inasmuch as " 'when there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject the administrative agency's determination of credibility' " (*Matter of A. Uliano & Son. Ltd. v New York State Dept. of Labor,* 97 AD3d 664, 667 [2012], quoting *Matter of Saitanis Enters. v Hines,* 201 AD2d 738, 738-739 [1994]).

Contrary to the petitioners' contention, the civil penalty imposed by the Commissioner of Labor was within the limits set by Labor Law § 218 (1), and it was not "so disproportionate to the underlying offense as to be shocking to one's sense of fairness" (*Matter of Sarco Indus. v Angello,* 23 AD3d 715, 717 [2005]; *see Matter of Garcia v Heady,* 46 AD3d 1088, 1090 [2007]). In imposing the civil penalty, the Commissioner gave due consideration to the relevant factors (*see Matter of Scuderi v Gardner,* 103 AD3d 645 [2013]; *Matter of R.I., Inc. v New York State Dept. of Labor,* 72 AD3d 1098, 1100 [2010]). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.