# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**593**
**TP 13-02121**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF STEVEN MARCHIONDA AND
INTERNATIONAL GROUP, LLC, PETITIONERS,

V                                              MEMORANDUM AND ORDER

INDUSTRIAL BOARD OF APPEALS OF STATE OF NEW
YORK, DEPARTMENT OF LABOR, RESPONDENT.

---

HANDELMAN, WITKOWICZ & LEVITSKY, LLP, ROCHESTER (STEVEN M. WITKOWICZ
OF COUNSEL), FOR PETITIONERS.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KEVIN M. LYNCH OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Monroe County [William P.
Polito, J.], dated November 27, 2013) to review a determination of
respondent. The determination, among other things, imposed a civil
penalty against petitioners.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78
proceeding challenging respondent's determination that their former
employee was entitled to payment for vacation time that was accrued
but unused at the time of the employee's termination. Contrary to
petitioners' contention, the payroll records they submitted in
response to a request from the Department of Labor did not comply with
the statutory requirement that "[e]very employer shall . . .
establish, maintain and preserve for not less than three years payroll
records showing the hours worked, gross wages, deductions and net
wages for each employee" (Labor Law § 195 [former (4)]; *see also*
former § 661). At the administrative hearing, petitioners contended
that their former employee was not entitled to vacation pay because
she had no unused vacation time, but the Department of Labor presented
evidence that the former employee had not used all of her vacation
time because she had worked extra hours to make up the time for her
absences. The payroll records provided by petitioners did not include
any information concerning the wages paid to their former employee,
and such information was material to the issue under consideration at
the administrative hearing. "In view of the petitioners' failure to
produce complete and accurate records, [respondent] was entitled to

make just and reasonable inferences and use other evidence to establish" whether petitioners' employees were permitted to work extra hours in order to make up time for any absences that were not attributed to accrued vacation time (*Matter of D & D Mason Contrs., Inc. v Smith*, 81 AD3d 943, 944, *lv denied* 17 NY3d 714; *see generally Matter of Ramirez v Commissioner of Labor of State of N.Y.*, 110 AD3d 901, 901-902; *Matter of Angello v National Fin. Corp.*, 1 AD3d 850, 854).

We further conclude that respondent's determination that the former employee was entitled to payment for her unused vacation time is supported by substantial evidence, i.e. "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180).

Contrary to petitioners' further contentions, respondent "is obligated to impose interest at the statutory rate" (*Matter of Garcia v Heady*, 46 AD3d 1088, 1090, *lv denied* 10 NY3d 705; *see* Labor Law § 219 [1]; Banking Law § 14-a [1]), and "the civil penalty imposed . . . was within the limits set by Labor Law § 218 (1), and . . . was not 'so disproportionate to the underlying offense as to be shocking to one's sense of fairness' " (*Ramirez*, 110 AD3d at 902; *see Garcia*, 46 AD3d at 1090).

Entered:  July 3, 2014                          Frances E. Cafarell
                                                Clerk of the Court