■ In the Matter of ROBERT MOSER, Petitioner, v KATE RAM-KISSOON et al., Respondents. [46 NYS3d 897]—

Proceeding pursuant to CPLR article 78 to review a determination of the City of Middletown Public Safety Commission dated August 19, 2014, which, after a hearing, found the petitioner guilty of one charge of insubordination and disobedience of orders, and suspended him from his position of firefighter for 60 days without pay.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

"The standard of review in an administrative determination made after a trial-type hearing directed by law is limited to considering whether the determination was based on substantial evidence" (*Matter of Bosch v City of Middletown, N.Y.*, 127 AD3d 855, 855 [2015]; *see Matter of Lahey v Kelly*, 71 NY2d 135, 140 [1987]). "Substantial evidence 'means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Westbury Superstores, Ltd. v State of N.Y. Dept. of Motor Vehs.*, 144 AD3d 695, 696 [2016], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). "A reviewing court 'may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists' " (*Matter of Morales-Reyes v Westchester County Dept. of Social Servs.*, 81 AD3d 831, 831 [2011], quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]). Here, substantial evidence supported the determination of the City of Middletown Public Safety Commission (hereinafter the Commission) that the petitioner committed an act of insubordination and disobedience of orders.

The Commission's imposition of a penalty of suspension from duty for 60 days without pay, in addition to a 30-day prehearing suspension which had been served by the petitioner, did not constitute an abuse of discretion as a matter of law. The penalty was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 223 [1974]; *compare Matter of Pasqua v Village of Mamaroneck Fire Dept.*, 119 AD3d 588 [2014], *with Matter of Clifford v Kelly*, 58 AD3d 432 [2009], *and Matter of Nelson v City of Buffalo Fire Dept.*, 254 AD2d 761 [1998]).

The petitioner failed to demonstrate that the respondent Joseph Masi, a member of the Commission, was biased against

him or should otherwise have been disqualified from participating in the hearing (*see Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.*, 75 NY2d 158, 161 [1990]; *Matter of Harris v Zoning Bd. of Appeals of Town of Carmel*, 137 AD3d 1130, 1132 [2016]).

The petitioner's remaining contentions are either without merit or not properly before this Court (*see Matter of Peckham v Calogero*, 12 NY3d 424 [2009]; *Matter of Khan v New York State Dept. of Health*, 96 NY2d 879 [2001]). Chambers, J.P., Hall, Miller and Connolly, JJ., concur.