■ In the Matter of MVM CONSTRUCTION, LLC, Petitioner, v WESTCHESTER COUNTY et al., Respondents. [51 NYS3d 898]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent John P. Graccione, acting director of the respondent Westchester County Consumer Protection Department dated July 22, 2011, which adopted the findings of fact of an administrative law judge, made after a hearing, and affirmed the denial of the petitioner's application for a home improvement license.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner submitted an application for a home improvement license to the Westchester County Consumer Protection Department (hereinafter WCCPD). The petitioner failed to disclose, in response to a direct inquiry, that its principal had prior trade licenses denied, suspended, and/or revoked. As a result, the WCCPD denied the application on the ground that the petitioner made a false statement of a material fact. After an evidentiary hearing, wherein the petitioner, through counsel, claimed that the response was inadvertently made in haste, the administrative law judge (hereinafter the ALJ), determined that the explanation was not credible and recommended affirming the denial of the license application. The WCCPD adopted the ALJ's recommendation and affirmed the denial of the application.

Judicial review of an administrative determination made after a hearing required by law at which evidence was taken is limited to whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Contrary to the petitioner's contention, the WCCPD's determination was supported by substantial evidence. The petitioner's admitted failure to disclose on its application that its principal had prior trade licenses denied, suspended, and/or revoked was sufficient to support the WCCPD's determination (*see* County of West-

chester Consumer Protection Code § 863.316 [1] [c]; *see generally Matter of Gonzalez v Lawrence*, 36 AD3d 807 [2007]).

The petitioner's remaining contentions are without merit.
Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.