■ In the Matter of GARY HSIN LIANG et al., Petitioners, v STATE OF NEW YORK INDUSTRIAL BOARD OF APPEALS et al., Respondents. [61 NYS3d 25]—

Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Industrial Board of Appeals dated August 7, 2014, which, after a hearing, affirmed an order of the Commissioner of Labor for the State of New York, dated May 11, 2011, finding that the petitioner Gary Hsin Liang had violated article 19 of the Labor Law, and directing him to pay unpaid wages, interest, and civil penalties.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]; *Matter of MVM Constr., LLC v Westchester County*, 150 AD3d 857 [2017]; *Matter of Congregation K'hal Torath Chaim, Inc. v Rockland County Bd. of Health*, 148 AD3d 1145 [2017]). Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact (*see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights*, 100 NY2d 326, 331 [2003]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *Matter of Moser v Ramkissoon*, 147 AD3d 1064, 1065 [2017]; *Matter of Briggs v New York State Div. of Human Rights*, 142 AD3d 663, 664 [2016]). Here, there was sufficient relevant proof to support the determination of the State of New York Industrial Board of Appeals (hereinafter the IBA) that the complainant was an employee of the petitioner Happy Lemon, Inc., and the petitioner Gary Hsin Liang was an employer pursuant to article 19 of the Labor Law, and, therefore, Liang was required to pay the complainant unpaid wages. Contrary to the petitioners' contention, there is no evidence that the complainant was a shareholder of Happy Lemon, Inc., during the relevant period.

The petitioners' remaining contention, in Point III of their brief, is not properly before this Court, as they failed to raise it on their appeal to the IBA (*see Matter of Peckham v Calogero*, 12 NY3d 424, 430 [2009]). Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.