Matter of Edwards v City of Middletown, N.Y. (2021 NY Slip Op 00558)





Matter of Edwards v City of Middletown, N.Y.


2021 NY Slip Op 00558


Decided on February 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12759
 (Index No. 2464/17)

[*1]In the Matter of Colleen Edwards, appellant,
v
City of Middletown, New York, et al., respondents.


John Michael Grant, Newburgh, NY, for appellant.
Alex Smith, Corporation Counsel, Middletown, NY, for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to annul a determination of the respondent City of Middletown Police Department Board of Police Commissioners dated December 16, 2016, which terminated the petitioner's employment as a police officer, the petitioner appeals from a judgment of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated November 6, 2017. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
After a hearing held before the City of Middletown Board of Police Commissioners (hereinafter the Board), the petitioner was found guilty of charges involving, inter alia, violating the directives of a superior officer and insubordination, and was terminated from her position as a police officer. She commenced this proceeding pursuant to CPLR article 78, challenging the penalty of termination, arguing, among other things, that the Board deprived her of her right to due process and abused its discretion by denying her request for an open hearing. The Supreme Court, in effect, denied the petition and dismissed the proceeding. We affirm.
This Court has a limited scope of review applicable to administrative penalties. The penalty must be upheld unless it shocks the judicial conscience, and, therefore, constitutes an abuse of discretion as a matter of law (see Matter of Featherstone v Franco, 95 NY2d 550, 554). That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating a penalty (see City School Dist. of the City of N.Y. v McGraham, 17 NY3d 917, 920). "In matters concerning police discipline, 'great leeway' must be accorded to the Commissioner's determinations concerning the appropriate punishment, for it is the Commissioner, not the courts, who 'is accountable to the public for the integrity of the Department' (Matter of Berenhaus v Ward, 70 NY2d 436, 445; see also, Trotta v Ward, 77 NY2d 827, 828)" (Matter of Kelly v Safir, 96 NY2d 32, 38).
The penalty of termination imposed in this case does not shock the judicial conscience. The petitioner had previously been disciplined for insubordination toward the same superior officer only a few months before the incident at issue, displaying a pattern of conduct which is inconsistent with the strict discipline necessary to effectively operate a police department (see Matter of Longton v Village of Corinth, 57 AD3d 1273, 1275-1276; Matter of Smeraldo v Rater, 55 [*2]AD3d 1298; Matter of DiLauria v Police Commrs. of Town of Harrison, 285 AD2d 464).
Since the Board had valid reasons for closing the hearing to the public, the denial of the petitioner's request for an open hearing was neither a deprivation of due process nor an abuse of discretion (see Matter of Birch v County of Madison, 123 AD3d 1324, 1327).
We have not considered the petitioner's remaining contention, which is unpreserved for appellate review (see Matter of Blanco v Selsky, 45 AD3d 679, 680).
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court