Matter of Mannino v State of New York Indus. Bd. of Appeals (2023 NY Slip Op 02005)

Matter of Mannino v State of New York Indus. Bd. of Appeals

2023 NY Slip Op 02005

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-09329
 (Index No. 658/19)

[*1]In the Matter of Lorenzo Mannino, et al., petitioners,
v
State of New York Industrial Board of Appeals, et al., respondents.

Strazzullo Law & Associates, PLLC, Brooklyn, NY (Salvatore E. Strazzullo, Maria Patelis, and Ross Friscia of counsel), for petitioners.
Letitia James, Attorney General, New York, NY (Karen Cacace, Julie R. Ulmet, Seth Kupferberg, and Anielka Sanchez Godinez of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review so much of a determination of the State of New York Industrial Board of Appeals dated December 12, 2018, as, after a hearing, upheld those portions of an order of the Commissioner of Labor of the State of New York dated June 1, 2017, finding that the petitioners Giulio Mannino and Il Colosseo, LLC, had violated Labor Law articles 5, 6, and 19, and directing them to pay unpaid wages, interest, liquidated damages, and civil penalties.
ADJUDGED that the proceeding is dismissed insofar as asserted by the petitioner Lorenzo Mannino, the determination is confirmed insofar as reviewed, the petition is denied, and the proceeding is dismissed on the merits, insofar as asserted by the petitioners Giulio Mannino and Il Colosseo, LLC, with costs.
In February 2019, the petitioners, Lorenzo Mannino, Giulio Mannino, and Il Colosseo, LLC, commenced this proceeding pursuant to CPLR article 78 to review so much of a determination of the State of New York Industrial Board of Appeals (hereinafter the IBA) dated December 12, 2018 (hereinafter the December 2018 IBA determination), as, after a hearing, upheld those portions of an order of the Commissioner of Labor for the State of New York (hereinafter the Commissioner), dated June 1, 2017 (hereinafter the DOL order), finding that Giulio Mannino and Il Colosseo, LLC (hereinafter together the employers), had violated Labor Law articles 5, 6, and 19, and directing them to pay unpaid wages, interest, liquidated damages, and civil penalties. The Supreme Court, Kings County, transferred the proceeding to this Court pursuant to CPLR 7804(g).
Lorenzo Mannino lacks standing to commence this proceeding on his own behalf as he was not aggrieved by the portion of the December 2018 IBA determination challenged in this proceeding (see generally Matter of Hinter v Planning Bd. of the Town of Patterson, 168 AD3d 939, 939; Matter of Eulo v Walker, 277 AD2d 547, 547).
As is relevant to the issues under review, in June 2017, the Commissioner issued the DOL order to the employers directing them to pay unpaid wages, interest, liquidated damages, and [*2]civil penalties arising out of, inter alia, the employers' underpayment of wages to two of their employees, and their violations of the Labor Law. Thereafter, the employers sought review of the DOL order from the IBA. After a hearing, the IBA, in the December 2018 IBA determination, upheld those portions of the DOL order which found that the employers had violated Labor Law articles 5, 6, and 19, and directed them to pay unpaid wages, interest, liquidated damages, and civil penalties.
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d 689, 689; see CPLR 7803[4]). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d at 689). The burden of proof before the IBA is "on the party who initiated the proceeding" (State Administrative Procedure Act § 306[1]; see 12 NYCRR 65.39[a]; Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d 901, 901). Here, the employers did not sustain their burden of demonstrating that the method used to calculate the amount of underpayment of wages was unreasonable (see CPLR 7803[4]; Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 901). When a petitioner fails to produce complete and accurate records, the Department of Labor is entitled to make just and reasonable inferences and use other evidence to establish the amount of underpaid wages, even though the results may be approximate (see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 901).
"This Court has a limited scope of review applicable to administrative penalties" (Matter of Edwards v City of Middletown, N.Y., 191 AD3d 668, 669). "The penalty must be upheld unless it shocks the judicial conscience, and, therefore, constitutes an abuse of discretion as a matter of law" (id. at 669). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating a penalty" (id.; see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 902). Here, the civil penalty did not shock the conscience (see Matter of Edwards v City of Middletown, N.Y., 191 AD3d at 669), as the penalty was assessed after due consideration to the relevant factors set forth in Labor Law § 218(1) (see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 902).
The employers' remaining contentions are without merit.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court