Matter of Afolayan v Industrial Bd. of Appeals (2024 NY Slip Op 03887)

Matter of Afolayan v Industrial Bd. of Appeals

2024 NY Slip Op 03887

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-06477
 (Index No. 518723/21)

[*1]In the Matter of Lookman Afolayan, et al., petitioners, 
v
Industrial Board of Appeals, et al., respondents.

Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for petitioners.
Letitia James, Attorney General, New York, NY (Karen Cacace, Seth Kupferberg, and Donya Fernandez of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Industrial Board of Appeals dated June 2, 2021, which, after a hearing, upheld an order of the Commissioner of Labor of the State of New York dated February 13, 2020, finding that the petitioners had violated Labor Law articles 5, 6, and 19, and directing them to pay unpaid wages, interest, liquidated damages, and civil penalties.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In July 2021, the petitioners commenced this proceeding pursuant to CPLR article 78 to review a determination of the State of New York Industrial Board of Appeals (hereinafter the IBA) dated June 2, 2021, which, after a hearing, upheld an order of the Commissioner of Labor of the State of New York (hereinafter the Commissioner), dated February 13, 2020, finding that the petitioners had violated Labor Law articles 5, 6, and 19, and directing the petitioners to pay unpaid wages, interest, liquidated damages, and civil penalties. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"'Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence'" (Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d 846, 848, quoting Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d 689, 689; see CPLR 7803[4]). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d at 689). "The burden of proof before the IBA is 'on the party who initiated the proceeding,'" (Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d at 848, quoting State Administrative Procedure Act § 306[1]; see 12 NYCRR 65.39[a]; Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d 901, 901). Here, the petitioners did not sustain their burden of demonstrating that the method used to calculate the amount of underpayment of wages was unreasonable (see CPLR 7803[4]; Matter of Ramirez v Commissioner of Labor of State [*2]of N.Y., 110 AD3d at 901). When a petitioner fails, as here, to produce complete and accurate records, the Commissioner "is entitled to make just and reasonable inferences and use other evidence to establish the amount of underpaid wages, even though the results may be approximate" (Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d at 848; see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 901).
Moreover, "[t]his Court has a limited scope of review applicable to administrative penalties" (Matter of Edwards v City of Middletown, N.Y., 191 AD3d 668, 669; see Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d at 848). "The penalty must be upheld unless it shocks the judicial conscience, and, therefore, constitutes an abuse of discretion as a matter of law" (Matter of Edwards v City of Middletown, N.Y., 191 AD3d at 669). Here, the penalty was assessed after due consideration to the relevant factors set forth in Labor Law § 218(1), and did not shock the conscience (see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 902).
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court