Matter of Sasoon v Ruppert (2025 NY Slip Op 00227)

Matter of Sasoon v Ruppert

2025 NY Slip Op 00227

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-01177
 (Index No. 30713/22)

[*1]In the Matter of Moshe Sasoon, et al., petitioners- respondents, 
v
Patricia Schnabel Ruppert, etc., et al., respondents-appellants, et al., respondent.

Thomas E. Humbach, County Attorney, New City, NY (Larraine S. Feiden of counsel), for respondents-appellants.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of Patricia Schnabel Ruppert dated October 20, 2021, which adopted the findings and recommendation of a hearing officer dated August 27, 2021, made after a hearing, that the petitioners had violated certain provisions of the Rockland County Sanitary Code, and imposed a civil penalty against the petitioners in the sum of $19,900, Patricia Schnabel Ruppert and the Rockland County Department of Health appeal from a judgment of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated December 5, 2022. The judgment, insofar as appealed from, granted that branch of the amended petition which was to annul so much of the determination as imposed a civil penalty against the petitioners to the extent of reducing the civil penalty imposed from the sum of $19,900 to the sum of $9,900.
ORDERED that the appeal by the Rockland County Department of Health is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from by Patricia Schnabel Ruppert, on the law, that branch of the amended petition which was to annul so much of the determination as imposed a civil penalty against the petitioners is denied, and that portion of the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to Patricia Schnabel Ruppert.
The petitioners are the owners of real property located in Chestnut Ridge (hereinafter the property). On July 20, 2021, the Rockland County Department of Health (hereinafter the RCDOH) inspected the property after receiving a complaint that the property lacked water service. An inspector with the RCDOH found that the property was in violation of five provisions of the Rockland County Sanitary Code because, inter alia, it had no potable water supply. The next day, the inspector instructed the petitioner Moshe Sasoon to restore water service immediately and served the petitioners with a "violation letter" from the RCDOH. Thereafter, the inspector completed two additional inspections of the property on July 23, 2021 and July 27, 2021, and found that the same five violations persisted. Thereafter, the petitioners were directed to appear at a hearing on August 25, 2021.
During the hearing, the RCDOH presented, among other things, the testimony of two of its officers, including the inspector who visited the property, and the three inspection reports of the property. The inspector testified, inter alia, that the property was still without water service as of the date of the hearing. The petitioners did not appear at the hearing. Crediting the RCDOH's evidence, the hearing officer found that the petitioners violated certain provisions of the Rockland County Sanitary Code and recommended a civil penalty in the sum of $19,900. On October 20, 2021, Patricia Schnabel Ruppert, the Commissioner of Health for Rockland County (hereinafter the Commissioner), adopted the hearing officer's recommendation and imposed a civil penalty against the petitioners in the sum of $19,900.
Thereafter, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the Commissioner's determination, including the civil penalty imposed. Insofar as relevant to this appeal, in a judgment dated December 5, 2022, the Supreme Court, among other things, upheld so much of the civil penalty as arose from the violations reported on July 20, 2021 and July 23, 2021, but vacated so much of the civil penalty as arose from the inspection on July 27, 2021, thereby reducing the civil penalty from the sum of $19,900 to the sum of $9,900. The RCDOH and the Commissioner appeal.
As an initial matter, in the judgment, the Supreme Court dismissed the amended petition insofar as asserted against the RCDOH. Accordingly, the appeal by the RCDOH must be dismissed because it is not aggrieved by the judgment appealed from (see CPLR 5511).
"An administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law" (Matter of Jacobs v Tuckahoe Hous. Auth., 186 AD3d 477, 481; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1069-1070). "'A result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual [or individuals] subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals'" (Matter of Jacobs v Tuckahoe Hous. Auth., 186 AD3d at 481, quoting Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 234 [alterations omitted]). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for vacating a penalty" (Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d 846, 848 [internal quotation marks omitted]; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d at 1068).
Here, the petitioners were directed to take immediate action to repair the property's water system on July 21, 2021. On July 23, 2021, the inspector explicitly warned Sasoon that he would face fines if he failed to do so. The petitioners, however, did not make any attempt to repair the property's water system until more than one month after the first violation. Moreover, the Commissioner was authorized by statute to assess daily fines not exceeding $2,000 for each of the five violations against the petitioners, which in this case could have resulted in a civil penalty in excess of $300,000, but did not do so (see Rockland County Sanitary Code §§ 1.25.1, 1.25.4). The Commissioner assessed five civil penalties totaling $4,200 arising from the inspection on July 20, 2021, five civil penalties totaling $5,700 arising from the inspection on July 23, 2021, and five civil penalties totaling $10,000 arising from the inspection on July 27, 2021. Under the circumstances presented, the civil penalty imposed by the Commissioner does not shock the court's sense of fairness and did not constitute an unconstitutionally excessive fine (see Matter of Supreme Energy, LLC v Martens, 145 AD3d 1147, 1151; Matter of Estafanous v New York City Envtl. Control Bd., 136 AD3d 906, 908). Accordingly, the Supreme Court should have denied that branch of the amended petition which was to annul so much of the Commissioner's determination as imposed a civil penalty against the petitioners.
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court