Matter of Guallpa v New York State Indus. Bd. of Appeals (2025 NY Slip Op 01219)

Matter of Guallpa v New York State Indus. Bd. of Appeals

2025 NY Slip Op 01219

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2022-10073
 (Index No. 32281/22)

[*1]In the Matter of Maria E. Guallpa, etc., appellant,
v
New York State Industrial Board of Appeals, et al., respondents.

Condon & Paxos, PLLC, Nanuet, NY (Brian Condon of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Karen Cacace and Seth Kupferberg of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the State of New York Industrial Board of Appeals dated March 30, 2022. The determination, made after a hearing, affirmed an order of the Commissioner of Labor of the State of New York dated January 14, 2020, finding that the petitioner violated, inter alia, Labor Law articles 6 and 19 and directing her to pay unpaid wages, unpaid minimum wages, interest, liquidated damages, and civil penalties.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In May 2022, the petitioner, Maria E. Guallpa, commenced this proceeding pursuant to CPLR article 78 to review a determination of the State of New York Industrial Board of Appeals (hereinafter the IBA) dated March 30, 2022, made after a hearing, which affirmed an order of the Commissioner of Labor of the State of New York (hereinafter the Commissioner) dated January 14, 2020, finding that the petitioner violated, among other things, Labor Law articles 6 and 19 and directing her to pay unpaid wages, unpaid minimum wages, interest, liquidated damages, and civil penalties. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g) for determination.
"Judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d 846, 848 [internal quotation marks omitted]; see CPLR 7803[4]; Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d 689, 689). "Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d at 689). The burden of proof before the IBA is on the party who initiated the proceeding (see State Administrative Procedure Act § 306[1]; 12 NYCRR 65.39[a]; Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d at 848).
Here, the petitioner did not sustain her burden of demonstrating that the claimant was not her employee (see Matter of Liang v State of N.Y. Indus. Bd. of Appeals, 152 AD3d at 689). [*2]When, as here, a petitioner fails to produce complete and accurate records, the Commissioner "is entitled to make just and reasonable inferences and use other evidence to establish the amount of underpaid wages, even though the results may be approximate" (Matter of Mannino v State of N.Y. Indus. Bd. of Appeals, 215 AD3d at 848; see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d 901, 901). The petitioner's contention that the IBA should have credited the testimony she provided at the hearing was unavailing, since "when there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject the administrative agency's determination of credibility" (Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d at 902 [internal quotation marks omitted]).
The petitioner's remaining contentions either are not properly before this Court as she failed to raise them on her appeal to the IBA or need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court